**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of the Application for an Order Seeking Discovery Under 28 U.S.C. § 1782 | No.: 25-m c – 5 6 6 <br><br> *EX PARTE* APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. <br> § 1782 IN AID OF FOREIGN PROCEEDING |

**ORDER GRANTING THE *EX PARTE* APPLICATION OF BANCO LAFISE PANAMA AND LAFISE BANK LIMITED FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

This matter comes before the Court on the *ex parte* Application of Banco LAFISE Panama and Lafise Bank Limited for an order to take discovery pursuant to 28 U.S.C. § 1782, for use in an ongoing criminal investigation and a prospective civil proceeding in Costa Rica (the "Costa Rican Proceedings") relating to Francis Durman-Esquivel, Corporacion Yanber S.A., company 3-101-725538 S.A., and a group of related individuals and corporations. The Court has considered the Application and exhibits thereto, together with its accompanying Memorandum of Law, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

(a) Banco LAFISE Panama and Lafise Bank Limited's Section 1782 Application to take Discovery is **GRANTED**;

(b) Respondents the Federal Reserve Bank of New York (the "Fed-NY") shall make available to Banco LAFISE Panama and Lafise Bank Limited all documents responsive to the categories of documents described in **Appendix 1** of this Order

within twenty (30) days of service of this Order on each respective Respondent or at such other time as may be agreed to;

(c) Daniel Pulecio-Boek, Esq. and any other attorneys affiliated with the law firm Greenberg Traurig, LLP and admitted to practice before this Court are appointed as examiners to: (i) obtain the requested documents and information pursuant to Appendix 1 to this Order; and (ii) to issue subpoenas to Respondents to obtain documents, with Appendix 1 to this Order attached to such subpoenas as the enumeration of document categories; AND

(d) Banco LAFISE Panama and Lafise Bank Limited are ordered to serve a copy of this Order on Respondents.

**IT IS SO ORDERED.**

Dated: December 23, 2025

LEWIS J. LIMAN
United States District Judge

This Order is without prejudice to any motion by Respondent challenging the subpoenas under Section 1782 or the Federal Rules of Civil Procedure.

# APPENDIX 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

In the Matter of the Application for an Order
Seeking Discovery Under 28 U.S.C. § 1782

No.:

**Appendix 1 to Subpoena**

## PRODUCTION OF DOCUMENTS

The Federal Reserve Bank of New York ("Respondent") shall produce copies of the documents described herein no later than thirty (30) days from service upon them of the foregoing Order, at the offices of Greenberg Traurig, LLP, One Vanderbilt Avenue, New York, NY 10017.

## DEFINITIONS

A.      Each of the Uniform Definitions in Discovery Requests which are set forth in Local Civil Rule 26.3 for the United States District Court for the Southern District of New York, is and shall be deemed to be, fully incorporated herein.

B.      The terms "all" and "each" shall be construed as all and each. The terms "document" or "documents" mean the original and all drafts or copies thereof which are different in any way from the original (whether by interlineations, receipt stamps notation, indication of copies sent or received, or otherwise) and all attached or annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded material, correspondence, telegrams, facsimiles, telexes, emails, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs and photographic films, sound recordings, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, computer data files, tapes, electronic media, inputs or outputs,

and other computer-readable records or programs, all electronically stored or created data, whether written, typed, printed, punched, filmed, marked in any way, data or information stored in any form readable or accessible by computer including, but not limited to, magnetic tape storage media, hard disks, hard drives, floppy disks, compact disks, computer tapes, memory and magnetic tapes of any kind, backup copies and "deleted" files on any computer storage devise or media, including the printed output of any such electronic data/communications processing equipment or magnetically stored information, computer memory, optical media, magneto media, and other physical media on which notations or making of any kind can be affixed whether located on-site or off-site. All drafts, copies or preliminary materials which are different in any way from the executed or final documents shall be considered to be additional documents as the terms are used herein.

C.      The terms "relating to" or "related to" mean constituting or in any way directly or indirectly, concerning, or referring or relating to, reflecting, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, recording, concealing, or negating.

D.      The term "communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It shall include, without limitation, any meeting, discussion, contact, conference, telephone conversation, letter, e-mail, transaction, Internet posting, memorandum, document, message (including text and chat messages), telegram, telefax, mailgram, billing statement, electronic recording, or other form of written or oral information transmission or exchange.

E.      The words "and" as well as "or" shall be construed as either disjunctive or conjunctive and references are to be construed either singular or plural, as necessary to bring within scope of this request to produce any document which might otherwise be construed to be outside its scope.

F.      "Grupo Montecristo" means Grupo Montecristo, a Costa Rican conglomerate with interests in several industries.

G.      "Durman-Esquivel" means Francis Durman-Esquivel, holder of identity card number 1-05415-0231, who is a Central American businessman, the CEO of Grupo Montecristo, and one of the richest men in Costa Rica.

H.      "Company 3-101-725538" means Company 3-101-725538, a Costa Rican company that was declared bankrupt on August 22, 2019. At one time, its president and legal representative was Durman-Esquivel.

I.      "Corporacion Yanber" means Corporacion Yanber, S.A., a Costa Rican plastics manufacturer and wholly owned subsidiary of company 3-101-725538. At one time, its president and legal representative was Durman-Esquivel.

J.      "Recyplast S.A." means Reciclados Plasticos Industriales, Sociedad Anomia, the largest plastic recycling company in costa Rica.  Until November 2018, Corporacion Yanber maintained a 33% ownership interest in Recyplast S.A.

K.      "ZFE" means Zona Franca del Este, a Costa Rican company that is part of the Grupo Montecristo.

L.      "SISLOCAR" means Sistemas Logisticos Caribenos Sislocar Sociedad Anomina, a Costa Rican company that is part of the Grupo Montecristo.

M.      "Rodriguez-Aguillar" means Allan Roberto Rodriguez-Aguillar, who served as a director of Yanber and company 3-101-725538.

N.      "Hidalgo-Marin" means Jose Antonio Hidalgo-Marin, who served as a director of Yanber and company 3-101-725538.

O.      "Montero-Pochet" means Eric Montero-Pochet, who served as a director of Yanber and company 3-101-725538.

P.      "LAFISE Panama" refers to Banco LAFISE Panama, an entity within the Lafise

Group, one of the largest financial conglomerates in Central America that was founded by Robertyo Zamora-Llanes.

Q.    "Lafise Bank Limited" refers to Lafise Bank Limited, an entity within the Lafise Group, one of the largest financial conglomerates in Central America that was founded by Robertyo Zamora-Llanes.

R.    "You" and "Your" refers to the Respondent.

## **INSTRUCTIONS**

A.    These Requests are directed to every document in Your possession or subject to Your custody and control.

B.    Respondent is to search all documents within their possession, custody, or control, wherever located, including but not limited to documents placed in storage facilities and documents in the possession of any person acting or purporting to act on Respondent's behalf. A document is deemed to be in the possession, custody, or control of Respondent if it is in Respondent's actual possession or custody, or if it is in the custody of another person and Respondent owns the document in whole or in part, or Respondent has the right to inspect, examine, or copy such document, or Respondent has any express or implied understanding that Respondent may use, inspect, or copy such document.

C.    These Requests are to be deemed continuing in nature, and documents that are responsive but are discovered subsequent to an initial production should be promptly produced in the same manner, and that same address, as the initial production.

D.    All documents produced pursuant to these Requests shall be produced as they are kept in the usual course of business, shall be identified by the title of the file in which are located, and shall be identified as to the request in response to which they are being produced.

E.    Each Request for a document or documents to be produced requires the production of the document in its entirety, without redaction or expurgation.

F.    If there are no documents responsive to a category in these Requests, so state in writing.

G.    If any documents called for by these Requests is withheld under a claim of privilege, such claim should be made expressly and must state: (a) the author of the document; (b) the date of the document; (c) the subject matter of the document; (d) each person to whom an original copy of the document was sent; (e) every other person who received the document

or a copy of the document; and (f) the basis for the claim of privilege.

H.　　Each Request covers the period from January 1, 2018 through present, unless other specified. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, You must produce the earlier document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production Request.

## DOCUMENT REQUESTS

1.　　Documents sufficient to show wire transfers, SWIFT messages, book transfers or other forms of transferring cash, funds, or securities which contain references to:

   a. Grupo Montecristo

   b. Durman-Esquivel

   c. Company 3-101-725538

   d. Yanber

   e. ZFE

   f. SISLOCAR

   g. Rodriguez-Aguillar

   h. Hidalgo-Marin

   i. Montero-Pochet

By: */s/ Daniel Pulecio-Boek*

**GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101
E-mail: pulecioboekd@gtlaw.com